**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WASEEM DAKER, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-03815-RWS |
| NEIL WARREN, Cobb County : | |
| Sheriff, : | HABEAS CORPUS |
| : | 28 U.S.C. § 2241 |
| Respondent. : | |

**ORDER**

This case is before the Court for consideration of the Report and Recommendation [16] of Magistrate Judge E. Clayton Scofield III, recommending denial of the Petition for a Writ of Habeas Corpus, as amended [1, 13], and denial of the motions to expedite consideration and disposition of the case [9, 11]. Petitioner has filed an Objection [26] and three Supplemental Objections [29, 31, 32] to the Report and Recommendation. The Court is also presented with Petitioner's Motion to Deconsolidate [17], Motion for Recusal [20], Motion to Appoint Counsel [21], Motion for Preliminary Injunction or Temporary Restraining Order [22], Motion to Expand the Record [23], Supplemental Motion to Deconsolidate [24], Motion for Evidentiary Hearing

AO 72A
(Rev.8/82)

[25], Motion for Recusal [27], and Second Motion to Expand the Record [35]. After carefully considering the Report and Recommendation, the objections thereto, and Petitioner's remaining motions, the Court enters the following Order.

## Background

The Court adopts the summary of the facts of this case set out in the Magistrate Judge's Report and Recommendation.

## Discussion

### I.     Report and Recommendation [16]

The Court receives the Report and Recommendation with approval and adopts it as the Opinion and Order of this Court. Accordingly, Petitioner's original Petition for Writ of Habeas Corpus [1] is hereby **DENIED with prejudice** on grounds that the arguments set forth therein are without merit; Petitioner's amended Petition for Writ of Habeas Corpus [13] is **DISMISSED without prejudice** on grounds that he has failed to exhaust his state court remedies as required under 28 U.S.C. § 2254(b); a certificate of appealability is **DENIED**; and Petitioner's motions to expedite [9, 11] are **DENIED** as moot.

The Court has given full consideration to all of Petitioner's arguments, including his argument that he has exhausted his state court remedies with respect to the claims in his amended petition and that exhaustion is not required because state court remedies are "unavailable." The Court agrees with the Magistrate Judge's conclusion, however, that Petitioner has failed to show exhaustion with respect to these claims.

As stated in the Magistrate Judge's Report and Recommendation, a state prisoner may not obtain federal habeas relief unless and until he has exhausted all state court remedies. Fain v. Duff, 488 F.2d 218, 223 (5th Cir. 1973). Although codified at 28 U.S.C. § 2254(b), which governs only post-conviction habeas petitions, the exhaustion requirement is equally applicable to pre-trial habeas petitions, such as Petitioner's, brought pursuant to 28 U.S.C. § 2241. Id. State court remedies are not exhausted until the "state prisoner[] [has] give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Doorbal v. Dep't of Corrs., 572 F.3d 1222, 1229 (11th Cir. 2009) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). Exhaustion is excused, however, "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th

3

Cir. 1991). See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State[,] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant."). Accordingly, exhaustion may be excused on grounds of an ineffective state court remedy where a state habeas petition had been "completely dormant for over one year, and [the] state ha[d] offered no reason for delay." Hollis, 941 F.2d at 1475 (citing Breazeale v. Bradley, 582 F.2d 5, 6 (5th Cir. 1978)).

Petitioner contends that he has exhausted his state court remedies with respect to his amended petition by, first, seeking to obtain a certificate of interlocutory appeal, which was denied, and, second, filing a state habeas corpus petition.[1] Pet'r's Objection to the Report and Recommendation, Dkt. No. [26] at p. 37. In his initial objection to the Report and Recommendation, filed May 23, 2011, and again in his second supplemental objection, filed June 17, 2011,[2]

---

[1] Petitioner also argues he has "satisfied exhaustion to the Georgia Supreme Court" by filing a joint habeas corpus and mandamus petition. After this petition was dismissed, Petitioner attempted to file a notice of appeal, which the clerk of the court refused to file, and sought permission to appeal to the Georgia Supreme Court, which was denied. Pet'r's Second Supplemental Objection to the Report and Recommendation, Dkt. No. [31], at p. 4.

[2] The Court notes that Petitioner's three supplemental objections to the Report and Recommendation were not timely filed. Under Federal Rule of Civil Procedure

4

Petitioner contends that state court remedies are "unavailable," and thus that exhaustion is excused, because he had not been afforded a hearing on his state habeas petition, despite several months having elapsed from the time he filed the petition. However, by the time Petitioner filed his Second Motion to Expand the Record, on September 8, 2011, a hearing had been held on his habeas petition.

The fact that Petitioner has been afforded a hearing on his state habeas petition belies his assertion that a state court remedy is unavailable. Although Petitioner may have experienced delay in obtaining this hearing, this is not a case where a habeas petition lay dormant indefinitely with no explanation from the state courts. Petitioner is thus required to exhaust the state's habeas corpus process before he may seek habeas relief from the federal courts. Because there is no evidence Petitioner has sought state appellate review of the denial of his habeas petition, his state court remedies have not been exhausted. Thus, the claims in his amended petition are not ripe for federal review and must be dismissed without prejudice.

---

72(b) and Rule 8(b) of the Rules Governing Section 2254 Cases, each party may file written objections to the Report and Recommendation within fourteen (14) days of receipt of the Order for Service. The Magistrate Judge's Order was filed on May 9, 2011. Petitioner's supplemental objections were not filed until June 6, 2011, June 17, 2011, and July 29, 2011. The Court has nonetheless considered the contentions raised in these untimely submissions to give Petitioner's arguments as much consideration as possible.

## II.   Motion to Expand the Record [23] and Second Motion to Expand the Record [35]

Petitioner moves this Court to expand the record with respect to the claims raised in both his original and amended habeas petitions. The Court need not consider any additional evidence, however, to conclude that the claims raised in Petitioner's original petition are without merit, and that Petitioner has failed to exhaust his state court remedies with respect to the claims in his amended petition. In light of the Court's rulings, Petitioner's motions to expand the record [23 & 35] are hereby **DENIED**.

## III.   Motion to Deconsolidate [17] and Supplemental Motion to Deconsolidate [24]

On May 16, 2011, Petitioner filed a Motion to De-Consolidate [17] his two habeas petition actions[3] on grounds that deconsolidation is necessary to avoid undue delay. On May 23, 2011, Petitioner filed a Supplemental Motion to De-Consolidate [24], arguing that deconsolidation is necessary in light of the

---

[3] On April 4, 2011, the Court ordered Petitioner's second habeas petition action, originally docketed as Civil Action No. 1:11-CV-00764-RWS, consolidated with this action to "avoid unnecessary cost or delay" pursuant to Federal Rule of Civil Procedure 42(a). Accordingly, the second action was administratively closed and the petition docketed as an amendment to Petitioner's original petition in this consolidated action.

6

Report and Recommendation of the Magistrate.  The Court rejects both of these arguments.  Deconsolidation is not necessary to avoid delay because, in light of this Order, Plaintiff has no claims remaining before this Court.  Nor is deconsolidation necessary for the Court to adopt the Report and Recommendation of the Magistrate.  As stated in Part I, *supra*, the Court denies Petitioner's original petition [1] with prejudice and dismisses his amended petition [13] without prejudice.  Deconsolidation is not necessary to reach this result.  Petitioner's motions to deconsolidate [17 & 24] are accordingly **DENIED**.

### IV.   Motion to Recuse [20]

Petitioner also moves to recuse the undersigned under 28 U.S.C. §§ 455(a) and (b)(1). In support of this Motion, Petitioner asserts two hypothetical grounds for recusal.  First, Petitioner posits that "if" the undersigned has a "fixed view that murder defendants are flight risks, he should disqualify himself rather than preside over this case with such bias or prejudice."  At the same time, however, Petitioner concedes that "[t]here is no indication as yet that [the undersigned] carries . . . bias and prejudice."  Second, Petitioner speculates that the undersigned may be biased or prejudiced against him in light of the fact that

7

Petitioner sought mandamus relief from the Eleventh Circuit Court of Appeals. Again, however, Petitioner concedes, "[A]s yet, there is no indication that [the undersigned] is motivated by . . . retaliatory bias."

Under 28 U.S.C. § 455(a), recusal is required in any proceeding in which the presiding judge's "impartiality might reasonably be questioned." Under § 455(b)(1), recusal is also required where a judge has "personal bias or prejudice concerning a party." Petitioner fails to make any factual showing that the undersigned's "impartiality might reasonably be questioned" in this action, and he plainly states that the undersigned has not shown personal bias or prejudice against the Petitioner. Having shown no legal basis for recusal, Petitioner's Motion [20] is hereby **DENIED**.

## V.     Motion to Recuse [27]

Petitioner also moves to recuse Magistrate Judge Scofield under 28 U.S.C. §§ 455(a) and (b)(1). Petitioner makes four arguments in support of this Motion. First, Petitioner argues that Judge Scofield's impartiality might reasonably be questioned based on statements he made in his Report and Recommendation. Specifically, Petitioner contends that Judge Scofield mischaracterized the trial court's grounds for denying Petitioner bond in an attempt to justify that decision.

8

Petitioner contends that the trial court deemed Petitioner a "flight risk," and thus denied him bond, based solely on the fact that he faces a possible life sentence for murder.  Because Judge Scofield considered not only the possible life sentence but also Petitioner's connections to Syria and family wealth in reviewing the trial court's bond decision, Petitioner contends Judge Scofield has tried to "rewrite what the trial judge said," which calls into question his impartiality.

Second, Petitioner challenges Judge Scofield's impartiality on grounds that he has an interest in keeping Petitioner in state custody to prevent him from challenging a federal arrest warrant for possession of a firearm by a convicted felon, which Judge Scofield issued after Petitioner's arrest for murder.  Third, Petitioner argues that Judge Scofield is biased in that he has a fixed belief that all defendants charged with murder are flight risks.  And finally, Petitioner contends that Judge Scofield's impartiality might reasonably be questioned by a perception that he is retaliating against Petitioner for seeking mandamus relief from the Eleventh Circuit Court of Appeals.

The Court finds that Petitioner has failed to show any indication of partiality or bias on the part of Judge Scofield.  As stated in Part IV, *supra*,

9

recusal is required under 28 U.S.C. § 455(a) "in any proceeding in which the [presiding judge's] impartiality might reasonably be questioned." This provision does not invite recusal whenever it is requested by a party, however. Rather, recusal under subsection (a) is appropriate only where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality . . . ." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotations omitted). Accordingly, "[a] charge of partiality must be supported by some *factual* basis . . . . Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)) (emphasis added). Recusal is required under 28 U.S.C. § 455(b)(1) where the judge has "personal bias or prejudice concerning a party." Bias is only "personal," thus requiring recusal, if it "'stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" U.S. v. Meester, 762 F.2d 867, 884 (11th Cir. 1985) (quoting United States v. Clark, 605 F.2d 939, 942 (5th Cir. 1979)).

Petitioner's assertion that Judge Scofield's impartiality is called into question by his review of Petitioner's bond hearing is plainly without merit. Judge Scofield conducted a *de novo* review of the trial court's denial of bond. As stated in the Report and Recommendation, under that standard, "a court's task is to determine whether the . . . decision [at issue] is 'wrong'–that is, whether the court disagrees with it." Dunn v. Cox, 560 F. Supp. 2d 1247, 1253 (M.D. Fla. 2008) (citing Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1137-38 (11th Cir. 2004)). Accordingly, Judge Scofield considered all of the evidence presented to the trial court to determine whether that court erred by denying Petitioner bond on grounds that he is a flight risk.

Although the trial judge only explicitly referenced Petitioner's possible life sentence for murder in ruling that he is a flight risk, which Judge Scofield recognizes on page three of the Report and Recommendation, evidence of Petitioner's connections to Syria and family wealth was also presented in the trial court, which Petitioner concedes on page two of his Motion. Thus, Judge Scofield properly considered this evidence pursuant to the *de novo* standard. Petitioner's argument that Judge Scofield's use of the more exacting *de novo* standard of review, as opposed to the deferential standard of review afforded to post-conviction habeas petitioners under 28 U.S.C. § 2254(d), demonstrates his

11

partiality is nothing short of puzzling, as the *de novo* standard of review essentially gave Petitioner a second bite at the apple with respect to his bond claim.  The Court fails to see how Judge Scofield's thorough analysis of the record in this case could, for any objective observer, raise significant doubt as to his impartiality.

Petitioner's remaining allegations of impartiality and bias amount to no more than "unsupported and highly tenuous speculation" and merit little discussion.  Petitioner has pointed to no facts indicative of extrajudicial bias, nor has he shown any facts that suggest Judge Scofield lacks impartiality as a result of the federal arrest warrant he issued, or as a result of Petitioner's failed attempt to obtain mandamus relief from the Eleventh Circuit Court of Appeals.  Having shown no legal basis for recusal of Judge Scofield, Petitioner's motion [27] is hereby **DENIED**.

**IV.   Remaining Motions**

The following motions are hereby **DENIED AS MOOT**:

(i)   Motion to Appoint Counsel [21];

(ii)  Motion for Preliminary Injunction or Temporary Restraining Order [22]; and

12

    (iii) Motion for an Evidentiary Hearing [25].

**SO ORDERED**, this  28th  day of September, 2011.

              _____
               RICHARD W. STORY
               UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)