**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

WASEEM DAKER,                    :
                                :
        Petitioner,             :
                                :
v.                              :        CIVIL ACTION NO.
                                :        1:10-CV-03815-RWS
NEIL WARREN, Cobb County        :
Sheriff,                        :        HABEAS CORPUS
                                :        28 U.S.C. § 2241
        Defendant.              :


## <u>ORDER</u>

This case comes before the Court on Petitioner Waseem Daker's Motion
to Expedite Disposition [40], Supplemental Motion for Preliminary Injunction
or Temporary Restraining Order [41], Motion to Recuse Judges Richard W.
Story and E. Clayton Scofield, III, Rule 59(e) Motion to Vacate Order and
Judgment, and Motion to Reject Magistrate's Report and Recommendation
[43], Rule 59(e) Motion to Vacate Order and Judgment [45], Rule 59(e) Motion
for Reconsideration for Evidentiary Hearing [46], Motion for De Novo Review
by District Judge [47], Motion for Reconsideration for Certificate of
Appealability [48], Supplemental Rule 59(e) Motion to Vacate Judgment [49],
Second Supplemental Rule 59(e) Motion to Vacate Judgment [50], Third

Supplemental Rule 59(e) Motion to Vacate Judgment [52], Fourth

Supplemental Rule 59(e) Motion to Vacate Judgment; and Motion for Release

on Bail or Recognizance [53], Motion for Order that Certificate of

Appealability Is Not Necessary [54], Motion to Expand Record and Direct

Respondent to File Relevant Transcripts [58], and Fifth Supplemental Rule

59(e) Motion to Vacate Judgment [64].  After reviewing the Record, the Court

enters the following Order.

## Background[1]

Petitioner Waseem Daker ("Daker") is a Georgia pretrial detainee

currently confined at the Cobb County Detention Center in Marietta, Georgia.

He was arrested on January 15, 2010 on charges of malice murder, felony

murder, burglary, aggravated assault, and aggravated stalking.  At a hearing

held on February 18, 2010, the state trial court denied Daker's request for bond

on grounds that Daker is a flight risk.  To this end, the trial court heard

argument from the state that Daker has family connections to Canada and Syria

(where his family is from) and that his family has large assets.  After hearing

---

[1] Except where otherwise indicated, the following facts are taken from the
Report and Recommendation of Magistrate Judge E. Clayton Scofield, III [16], which
the Court adopted as its Opinion and Order on September 28, 2011 [37].

2

the arguments of the parties, the trial court determined Daker to be a flight risk and denied him bond, ruling as follows: "Well, murder is different . . . [addressing Petitioner's attorney], in the sense that somebody's facing a life sentence, so I think that's a strong motivation for someone to flee, or to think about fleeing.  So, today I'm going to deny bond."

On November 18, 2010, Daker filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2241, challenging the constitutionality of the state court's denial of bond.  (Dkt. [1].)  Specifically, Daker argued that the state court violated his due process rights by deeming him to be a flight risk "solely on the basis that he is charged with murder" and, accordingly, denying bond–which denial Daker argued was "arbitrary, capricious, and an abuse of discretion."  (Id. ¶ 11.)  The petition was submitted to Magistrate Judge E. Clayton Scofield, III for a Report and Recommendation, which concluded, among other things, that the petition should be dismissed with prejudice for lack of merit:

> There is no indication in the record of this case that the State of
> Georgia intended to punish Daker by ordering his detention
> without bail.  For the reasons set forth during the February 18,
> 2010 bond hearing–among other things, Daker's family wealth and
> overseas connections–the trial court reasonably concluded that

3

> Daker, facing a mandatory life sentence if convicted of murder,
> was an unacceptable flight risk.  Although Daker strenuously
> disagrees with this conclusion, his arguments that the trial judge's
> decision was arbitrary or erroneous are without merit.

(Dkt. [16] at 11.)  The Report and Recommendation also concluded that a
certificate of appealability should be denied, based on the Magistrate Judge's
finding that Daker's petition lacked even arguable merit.  (Id. at 14-15.)

On September 28, 2011, the Court adopted the Report and
Recommendation as the Opinion and Order of this Court, and, accordingly,
denied Daker's habeas petition with prejudice and denied a certificate of
appealability.  (Order, Dkt. [37].)  Daker subsequently filed the motions that are
currently before the Court, challenging these rulings.  When the Court first
undertook consideration of the pending motions, it appeared that Daker may not
have exhausted his state court remedies.  In support of his Motion for
Reconsideration for Certificate of Appealability [48], Daker cited a decision of
the Georgia Supreme Court, Daker v. Warren, 709 S.E.2d 222, 223 (Ga. 2011),
reversing the Cobb County Superior Court's dismissal of Daker's state habeas
petition and remanding for a trial on the merits.  In light of this ruling, it was
unclear to the Court whether Daker had exhausted his state court remedies and

4

therefore whether federal review of his claims was procedurally proper.

Accordingly, the Court ordered Daker to show cause why his motions should

not be denied for failure to exhaust state court remedies.  (Order, Dkt. [55].)

Daker has responded to the Court's show cause order and presented

argument that he has, in fact, exhausted his state court remedies.  (Dkt. [59].)  In

light of this showing, and the fact that the government has not filed any

response thereto, the Court concludes that Daker has exhausted his state court

remedies, making federal review of his claims procedurally proper.  Doorbal v.

Dep't of Corrs., 572 F.3d 1222, 1229 (11th Cir. 2009).  The Court thus

considers the merits of the motions currently before it.

## Discussion

## I.      Motion to Expedite Disposition [40]

In his Motion to Expedite Disposition [40], Daker argues that he has been

"arbitrarily denied bail for 21 months" and that he is therefore entitled to

expedited habeas relief.  This argument has no merit.  Daker has failed to show

that his detention without bail is arbitrary or that it otherwise entitles him to

federal habeas relief, much less on an expedited basis.  Accordingly, the Motion

to Expedite Disposition [40] is **DENIED**.

5

**II.     Supplemental Motion for Preliminary Injunction or Temporary Restraining Order [41]**

Daker moves the Court to enter a preliminary injunction or temporary restraining order (TRO) requiring Respondent to provide Petitioner with adequate access to legal materials.  (Supp. Mot. for Prelim. Inj. or TRO, Dkt. [41] at 2 of 4.)  Alternatively, Petitioner moves the Court to enter an order requiring Respondent to show cause why he cannot provide Petitioner with greater access to legal materials.  (Id.)  To be entitled to a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits of his claim; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury to the movant outweighs the damage to the opposing party; and (4) that granting the injunction would not be adverse to the public interest.  Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003).  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites."  United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

6

The standard for a preliminary injunction also applies to a request for a temporary restraining order.  Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001).

The Court finds that Daker's motion for TRO or preliminary injunction is due to be denied because Daker has failed to show a substantial likelihood of success on the merits of his claim.  As a threshold matter, Daker has not alleged which of his legal rights has been violated as a result of his alleged lack of access to legal materials.  Accordingly, the Court can only speculate as to the nature of the claim underlying his request for a TRO or preliminary injunctive relief.  Furthermore, even if Daker had alleged a violation of a particular legal right, he has alleged no facts whatsoever to enable the Court to assess the likelihood that his claim will be successful on the merits.  For example, Daker has alleged no facts regarding his current access to legal materials, however limited it may be.  Absent such a factual showing, the Court cannot determine whether his claim–whatever it is–is likely to succeed.  Accordingly, the Supplemental Motion for Preliminary Injunction or Temporary Restraining Order [4] is **DENIED**.

AO 72A
(Rev.8/82)

**III.    Motion to Recuse Judges Richard W. Story and E. Clayton Scofield, III, Rule 59(e) Motion to Vacate Order and Judgment, and Motion to Reject Magistrate's Report and Recommendation ("Motion to Recuse")[2] [43]**

In his Motion to Recuse, Daker argues that the undersigned and Judge Scofield should be recused under 28 U.S.C. §§ 455(a) and (b) on the following grounds:  (1) that the undersigned and Judge Scofield "are likely to be called as witnesses for the state" in Daker's state court prosecution; (2) that "they have a bias or prejudice in favor of the state" and (3) against Daker; (4) that "they have personal knowledge of disputed evidentiary facts"; and (5) that "their impartiality might reasonably be questioned."  (Dkt. [43] at 2.)  Daker

---

[2] This Motion will be treated only as a motion to recuse, despite the styling of the motion as one to recuse, to vacate the Court's prior Order, and to reject the Report and Recommendation of the Magistrate Judge.  To the extent Daker moves the Court to vacate its prior Order pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), this request is duplicitous of his Rule 59(e) Motion to Vacate Order and Judgment [45] and thus will not be considered at this time.  Similarly, the Court will not consider Daker's motion to reject the Report and Recommendation of Judge Scofield, as this motion is procedurally improper.  See Fed. R. Civ. P. 72(b)(2) ("Objections. *Within 14 days* after being served with a copy of the recommended disposition [of the magistrate judge], a party may serve and file specific written objections to the proposed findings and recommendations.") (emphasis added).  Daker already had the opportunity to object to the Report and Recommendation of Judge Scofield.  His objections were considered by this Court and overruled (see Order, Dkt. [37] (adopting the Report and Recommendation of Judge Scofield over Daker's objections)) and may not be renewed at this time, much less by a motion to reject the Report and Recommendation.

elaborates, "Since Judges Story and Scofield are state witnesses in the underlying state court criminal case, it raises both an appearance of impropriety and partiality for them to preside over this federal habeas [sic] arising therefrom."  (Id. at 3.)

Under 28 U.S.C. § 455(a), recusal is required in any proceeding in which the presiding judge's "impartiality might reasonably be questioned."  Under § 455(b)(1), recusal is also required where a judge has "personal bias or prejudice concerning a party."  Daker contends that both of these provisions are satisfied because the undersigned and Judge Scofield are planning to appear as witnesses for the state in Daker's state court prosecution.  (See generally Motion to Recuse, Dkt. [43].)  This assertion is plainly incorrect.  Accordingly, Daker has failed to make any showing that the impartiality of the undersigned or of Judge Scofield reasonably could be called into question in this case, or that the undersigned or Judge Scofield has personal bias or prejudice against Daker. The Motion to Recuse [43] therefore is **DENIED**.

## IV.    Rule 59(e) Motion to Vacate Order and Judgment [45] & Supplemental Rule 59(e) Motion to Vacate Judgment [49]

Federal Rule of Civil Procedure ("Rule") 59(e) provides, "A motion to

alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." This Rule has been interpreted to permit a motion to vacate a judgment in addition to a motion to alter or amend it. 11 Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2810.1 (2d ed.); Foman v. Davis, 371 U.S. 178, 181 (1962). While the text of Rule 59(e) does not set forth specific grounds upon which relief may be granted, it has been interpreted to permit relief in four situations: (1) where the judgment was based on manifest errors of law or fact; (2) where reconsideration is warranted in light of newly discovered or previously unavailable evidence; (3) where the judgment would result in manifest injustice; or (4) where the judgment is called into question by an intervening change in controlling law. 11 Wright & Miller, Federal Practice and Procedure § 2810.1. A Rule 59(e) motion may not be used, however, to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment. Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Finally, reconsideration of a judgment pursuant to Rule 59(e) is committed to the sound discretion of the district court, Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985), but it is "an extraordinary remedy which

10

should be used sparingly."  11 Wright & Miller, <u>Federal Practice and Procedure</u> § 2810.1.

In this case, Daker moves the Court to vacate its prior Order and the Clerk's Judgment on the purported bases of newly discovered evidence, an intervening development in the law, clear error, and the need to prevent manifest injustice.  (Rule 59(e) Motion to Vacate Order and Judgment ("Rule 59(e) Motion"), Dkt. [45] at 1.)  To this end, Daker seeks relief on the following ten specific grounds:

1. Newly discovered evidence: Petitioner is not a dual citizen or Canadian or Syrian citizen.

2. Newly discovered evidence: Petitioner is not subject to a federal arrest warrant for possession of a firearm by a convicted felon.

3. Intervening development or change in controlling law: <u>Daker v. Warren</u>, 288 Ga. 799, 709 S.E.2d (March 18, 2011).

4. The District Court committed clear error by misconstruing Petitioner's arguments that the Magistrate Judge committed clear error by making findings of fact, not made by the trial judge, and without holding a hearing.

5. The trial judge, Judge Frank Cox, erred in failing to recuse himself for actual bias prior to the February 18, 2010 bond hearing.

11

6.      The Court committed clear error and manifest injustice because there is insufficient evidence of Daker's family's wealth to support finding risk of flight, and the weight is against such a finding.

7.      The Court committed clear error and manifest injustice because there is insufficient evidence of Daker's "connections to Syria" to support finding risk of flight, and the weight is against such a finding.

8.      The Court committed clear error and manifest injustice by failing to address whether deeming a defendant to be a flight risk because his parents have ties to another country would violate his due process and equal protection rights.

9.      The Court committed clear error and manifest injustice by not conducting the de novo review itself.

10.     The Magistrate Judge committed clear error and manifest injustice by raising a due process claim based on the length of detention without Petitioner having done so, and then denying it.

(See generally id.)

Daker's arguments are completely without merit and do not warrant reconsideration of the Court's prior Order.  First, points 5, 6, and 7 already have been raised by Daker and rejected by the Court.  (See Objections to the Report and Recommendation ("Objections to R&R"), Dkt. [26] at 17-20 (setting forth point 5, argument that Judge Frank Cox was biased), 23-26 (setting forth points

12

6 and 7, argument that record contains insufficient evidence of Daker's family

wealth or overseas connections).)  Similarly, with respect to point 4, Daker

renews the argument that Judge Scofield committed clear error by making

findings of fact not made by the state trial judge at Daker's bond hearing.  (Rule

59(e) Motion, Dkt. [45] at 8-9.)  This argument, like points 5, 6, and 7, already

has been raised (Objections to R&R, Dkt. [26] at 7-8) and rejected by this

Court.  As stated above, a Rule 59(e) motion may not be used to relitigate old

matters or repackage arguments already raised before the Court.  Points 8 and 9

are likewise without merit.  Daker already raised the argument set forth in point

8 before the Court (id. at 27-30), and, contrary to his assertions, the Court did

consider it–pursuant to a de novo review of the record–but found it to be

without merit.

Points 1 and 2 are similarly meritless.  Even accepting Daker's

characterization of his citizenship and the dismissal of his federal arrest warrant

as "newly discovered evidence," this "evidence" does not alter the Court's

conclusion that Daker's petition is without merit and due to be denied.  As

Judge Scofield concluded in the Report and Recommendation, which the Court

adopted as its own Opinion and Order, the state trial judge's decision to deny

bond was not arbitrary or erroneous–even taking into consideration this "newly discovered evidence."

With respect to point 3, Daker contends that the Georgia Supreme Court's decision in Daker v. Warren, 709 S.E.2d 222 (Ga. 2011) constitutes "an intervening development or change in controlling law," which demonstrates the merit of his petition and entitles him to relief under Rule 59(e). (Rule 59(e) Motion, Dkt. [45] at 6-7.) Like Daker's other arguments, this argument fails. Putting aside the actual holding of this case and Daker's contention that it demonstrates the merit of his petition,[3] the Court notes that the case was decided on March 18, 2011, prior to the entry of Judge Scofield's Report and Recommendation and this Court's Order adopting the same. Thus, the case does not constitute an "intervening" development or change in the law. Second, Daker already has argued before the Court that this case demonstrates that his petition has merit. (See Objection to Report and Recommendation, Dkt. [26] at 31-32 (citing Daker v. Warren, 709 S.E.2d 222 (Ga. 2011) for proposition that Daker's habeas petition is "not without merit.").) As stated above, a Rule 59(e)

---

[3] The holding and import of this case will be discussed in Part VII, infra, in connection with Daker's Motion for Reconsideration for Certificate of Appealability [46].

14

motion may not be used to present the Court with arguments already raised and rejected.  Finally, point 10 is so lacking in merit that it warrants no discussion.[4]

In sum, Daker has failed to show any ground on which reconsideration of the Court's prior Order would be appropriate.  Accordingly, Daker's Rule 59(e) Motion to Vacate Order and Judgment [45] and Supplemental Rule 59(e) Motion to Vacate Judgment [49] are **DENIED**.

## V.    Rule 59(e) Motion for Reconsideration for Evidentiary Hearing [46]

Daker's Rule 59(e) Motion for Reconsideration for Evidentiary Hearing [46] is completely redundant of his Rule 59(e) Motion to Vacate Order and Judgment [45].  Accordingly, it is **DENIED** as duplicitous.

## VI.   Motion for De Novo Review by District Judge [47]

In his Motion for De Novo Review by District Judge [47], Daker argues as follows: "As both [Judge Scofield] and [this Court] held, the proper standard of review for this pretrial § 2241 petition is de novo review. . . .  However, the District Judge's September 28, 2011 [Order] makes clear that he did not

---

[4] The arguments raised in Daker's Supplemental Rule 59(e) Motion to Vacate Judgment [49] are wholly redundant of the arguments set forth in his original Rule 59(e) Motion [45] and/or those raised in Daker's Objections to the Report and Recommendation [26].  Accordingly, the Supplemental Rule 59(e) Motion to Vacate Judgment [49] is due to be denied.

15

conduct a de novo review, but merely adopted the Magistrate's R&R and deferred thereto." (Dkt. [47] at 1.) This argument is without merit. The Court conducted a de novo review of the record in this case and, based on that review, agreed with the conclusions of Judge Scofield and adopted his Report and Recommendation as the Order and Opinion of this Court. Having already received a de novo review of the record by this Court, Daker is not entitled to another one. The Motion for De Novo Review by District Judge [47] accordingly is **DENIED**.

## VII.   Motion for Reconsideration for Certificate of Appealability [48]

Daker moves the Court to reconsider its denial of a certificate of appealability ("COA") based on the decision of the Georgia Supreme Court in Daker v. Warren, 709 S.E.2d 222 (2011), discussed below. As Daker correctly states, the Court may issue a COA only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

16

encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Daker argues that the Georgia Supreme Court's decision is Daker v. Warren, 709 S.E.2d 222 (2011) demonstrates that reasonable jurists could debate the success of his petition and therefore that the Court erred in denying him a COA. (Motion for Reconsideration of Certificate of Appealability, Dkt. [48] at 3.) This argument is without merit. In Daker v. Warren, the Georgia Supreme Court held that the trial court erred when it denied Daker's habeas petition without first conducting a hearing. 709 S.E.2d 222, 223 (2011). This holding was predicated on an earlier decision of the court, finding that "when 'the petition and exhibits attached thereto disclose without contradiction that the petition is without merit, it is not error to dismiss the same without a hearing.'" Id. (citing Britt v. Conway, 637 S.E.2d 43, 44 (Ga. 2006)). While the court found that Daker's petition did not disclose "without contradiction" that it was meritless, and therefore that the trial court erred by dismissing it without a hearing, the court did not hold that the petition, in fact, had merit. (Id.) Thus, this decision does not persuade the Court that reasonable jurists could debate the merits of Daker's petition such that Daker should be entitled to a COA.

17

Daker also argues, based on the aforementioned decision of the Georgia Supreme Court, that the Court erred in failing to hold a hearing on his petition before dismissing it.  (<u>See</u> Motion for Reconsideration of Certificate of Appealability, Dkt. [48] at 3 ("The decision in [<u>Daker v. Warren</u>, 709 S.E.2d 222 (Ga. 2011)] shows that Daker's claim has sufficient merit to warrant an evidentiary hearing under Rule 8 section 2254 rules [<u>sic</u>].  By dismissing the petition without an evidentiary hearing, the court repeats the same mistake that the state habeas court made in <u>Daker</u>, that the Georgia Supreme Court reversed.").)  This argument likewise fails, as the Court had authority to dismiss Daker's petition without holding a hearing on the merits.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"),[5] entitled "Preliminary Review; Serving the Petition and Order" provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a

---

[5] Although this habeas petition was filed under 28 U.S.C. § 2241 rather than § 2254, Rule 1 of the Section 2254 Rules provides that the Rules may be applied to habeas corpus petitions filed under provisions other than § 2254.

AO 72A
(Rev.8/82)

fixed time, or to take other action the judge may order. . . .

28 U.S.C. § 2254 Rule 4.  Rule 8, entitled "Evidentiary Hearing," in turn

provides:

> (a) Determining Whether to Hold a Hearing.  *If the petition is not dismissed*, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

28 U.S.C. § 2254 Rule 8 (emphasis added).  These rules make clear that the

Court may deny a petition without holding a hearing if it plainly appears to be

lacking in merit; only in cases where the petition is *not* dismissed must the

Court consider whether to hold an evidentiary hearing.  In this case, Judge

Scofield and this Court both determined that Daker's petition plainly lacks

merit[6] and must be dismissed; accordingly, Daker was not entitled to a hearing.

Daker's arguments having failed, the Motion for Reconsideration for Certificate

of Appealability [48] is **DENIED**.

**VIII. Second Supplemental Rule 59(e) Motion to Vacate Judgment [50], Third Supplemental Rule 59(e) Motion to Vacate Judgment [52], Fourth Supplemental Rule 59(e) Motion to Vacate Judgment [53],**

---

[6] The fact that the Georgia Supreme Court may have reached a contrary conclusion in Daker v. Warren, 709 S.E.2d 222, 223 (Ga. 2011) is of no moment.

**and Fifth Supplemental Motion for Rule 59(e) Motion to Vacate Judgment [64]**

As stated in Part IV, <u>supra</u>, a Rule 59(e) motion must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Order [37] and Judgment [38] that Daker seeks to vacate under Rule 59(e) were entered on September 28, 2011 and September 29, 2011, respectively. Daker filed his Second Supplemental Rule 59(e) Motion to Vacate Judgment [50] on December 7, 2011, more than 28 days after entry of the judgment. This and the subsequently-filed supplemental motions thus are untimely. Accordingly, the Second [50], Third [52], Fourth [53], and Fifth [64] Supplemental Rule 59(e) Motions to Vacate Judgment are **DENIED**.

## IX.  Motion for Order that Certificate of Appealability Is Not Necessary [54]

Daker moves this Court "for an Order that a certificate of appealability (COA) is not necessary to appeal the denial of a pretrial 28 U.S.C. § [2241] habeas corpus petition." (Motion for Order that Certificate of Appealability is Not Necssary, Dkt. [54] at 1.) Contrary to Daker's argument, a state prisoner, such as Daker, must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c)(1)

20

("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ."); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). Accordingly, the Motion for Order that Certificate of Appealability is Not Necessary [54] is hereby **DENIED**.

X.   **Motion to Expand Record and Direct Respondent to File Relevant Transcripts [58]**

In his Motion to Expand Record and Direct Respondent to File Relevant Transcripts [58], Daker seeks to include in the record of this case hearing transcripts from various state court habeas proceedings in an effort to demonstrate to the Court that he has exhausted his state court remedies with respect to this federal petition.  (Dkt. [58] at 1.)  The Court, however, already has concluded that Daker has exhausted his state court remedies, making the state court transcripts unnecessary.  Accordingly, the Motion to Expand Record and Direct Respondent to File Relevant Transcripts [58] is **DENIED**.

21

**Conclusion**

In accordance with the foregoing, Petitioner Waseem Daker's Motion to Expedite Disposition **[40]**, Supplemental Motion for Preliminary Injunction or Temporary Restraining Order **[41]**, Motion to Recuse Judges Richard W. Story and E. Clayton Scofield, III, Rule 59(e) Motion to Vacate Order and Judgment, and Motion to Reject Magistrate's Report and Recommendation **[43]**, Rule 59(e) Motion to Vacate Order and Judgment **[45]**, Rule 59(e) Motion for Reconsideration for Evidentiary Hearing **[46]**, Motion for De Novo Review by District Judge **[47]**, Motion for Reconsideration for Certificate of Appealability **[48]**, Supplemental Rule 59(e) Motion to Vacate Judgment **[49]**, Second Supplemental Rule 59(e) Motion to Vacate Judgment **[50]**, Third Supplemental Rule 59(e) Motion to Vacate Judgment **[52]**, Fourth Supplemental Rule 59(e) Motion to Vacate Judgment; and Motion for Release on Bail or Recognizance **[53]**, Motion for Order that Certificate of Appealability Is Not Necessary **[54]**, Motion to Expand Record and Direct Respondent to File Relevant Transcripts **[58]**, and Fifth Supplemental Rule 59(e) Motion to Vacate Judgment **[64]** are hereby **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this   25th   day of June, 2012.


**RICHARD W. STORY**
United States District Judge

23

AO 72A
(Rev.8/82)